IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DELMAR WALTON,

    Petitioner,

v.                                         Civil Action No. 5:14CV145
                                          (Criminal Action No. 5:94CR66-02)
UNITED STATES OF AMERICA,                          (STAMP)

    Respondent.


**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING THE REPORT AND**
**RECOMMENDATION OF THE MAGISTRATE JUDGE**

I.  Background

The pro se[1] petitioner is a federal inmate at FCI Beckley, who is currently serving a sentence of life imprisonment. The petitioner's sentence became final upon a denial of his writ of certiorari on October 15, 1996. At issue in this civil action is the petitioner's motion under 28 U.S.C. § 2255 ("§ 2255"). Prior to the current § 2255 motion, the petitioner has filed two or three § 2255 motions, all which have been denied. The reason for the uncertainty as to the exact number of § 2255 motions is that the clerk's office has no record of the petitioner's third alleged § 2255 motion, which he claims he filed.

At issue now is the petitioner's fourth (or third) § 2255 motion, filed on October 31, 2014. ECF No. 1. In his motion, the

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

petitioner argues that his sentence was erroneous in light of the holding of Fowler v. United States, 131 S.Ct. 2045 (2011). The petitioner's criminal offenses related to the death of an informant. He claims that, in light of Fowler's holding, the government failed to satisfy its burden of proof regarding that offense. The petitioner also believes his motion is timely. Regarding relief sought, the petitioner requests that this Court vacate both his conviction and sentence.

United States Magistrate Judge James E. Seibert then entered his report and recommendation, recommending that the § 2255 motion be denied and that the case be dismissed with prejudice. ECF No. 5. The magistrate judge first points out that the § 2255 motion at issue is untimely. Although the holding of United States v. Sosa, 364 F.3d 507 (4th Cir. 2004), requires that a court provide a petitioner notice if it intends to dismiss a motion as untimely, the magistrate judge notes that Sosa also states that "[Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002)] leaves open the possibility that district courts could dispense with notice if it is 'indisputably clear' that the motion is untimely and cannot be salvaged through tolling." 365 F.3d at 511. As to the motion at issue, the magistrate judge found that it is clearly untimely. Because his conviction was final on October 15, 1996, the petitioner had until October 15, 1997 to timely file a § 2255 motion. In this case, the petitioner filed his motion well beyond

that deadline. The magistrate judge then noted that the petitioner did not argue that the government created an impediment to filing a timely § 2255 motion, or that his § 2255 motion is based on new facts. Regarding the petitioner's argument under Fowler, the magistrate judge determined that the petitioner's motion is still untimely. The Fowler decision was decided on May 26, 2011, meaning the petitioner had until May 26, 2012 to assert a claim in light of that decision. The record apparently shows that two years after the Fowler decision, the petitioner filed a letter inquiring about a § 2255 motion he allegedly filed regarding Fowler. If he did file that motion, that would have been his third § 2255 motion. The clerk's office, however, has no record of a third § 2255 motion being filed. Based on the lack of a third § 2255 motion in the record, and the lack of evidence demonstrating that a third § 2255 motion was previously filed, the magistrate judge found that the petitioner's claim lacked merit. Finally, the magistrate judge determined that the petitioner's motion was second or successive because his first § 2255 motion was decided on the merits, and that the petitioner did not obtain authorization to file his § 2255 motion at issue.

The petitioner then filed objections to the report and recommendation. Criminal Action No. 5:94CR66 at ECF No. 185. In his objections, however, the petitioner only appears to object to the findings regarding timeliness. He does not, however, appear to

object to the findings about his motion being second or successive. The petitioner first asserts that <u>Fowler</u> should be retroactively applied. Next, the petitioner believes that he did file a third § 2255 motion when <u>Fowler</u> was first decided and thus, the magistrate judge's arguments about timeliness lack merit. The petitioner next contends that the magistrate judge erred because instead of having the government file a response, the magistrate judge responded for the government. Thus, he claims that the magistrate judge created an "escape route" for the government to deny the receipt of his third § 2255 motion, which allegedly was filed shortly after the court's <u>Fowler</u> decision.

## II. <u>Applicable Law</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to the findings where no objections exist, however, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As the Supreme Court of the United States stated in <u>United States v. United States Gypsum Co.</u>, "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395 (1948).

III. Discussion

As mentioned above, the petitioner's objections relate to the findings about the untimeliness of his § 2255 motion. It does not appear, however, that the petitioner objects to the determination regarding the second or successive status of his motion. As will be discussed below, because the petitioner's motion is second or successive, and because he did not obtain the necessary authorization to file such a motion, his motion must be denied. Thus, regarding that issue, the magistrate judge's findings were not clearly erroneous, and this Court indeed lacks jurisdiction over the matter. Further, even if his motion were not second or successive, his motion is clearly untimely under a <u>de novo</u> review. Finally, this Court will also deny a certificate of appealability. Accordingly, the report and recommendation of the magistrate judge must be affirmed and adopted. All of those issues listed above will be discussed in the order presented.

A. <u>Second or Successive</u>

In his report and recommendation, the magistrate judge found that the petitioner's § 2255 motion is second or successive. As the record shows, the petitioner's first § 2255 motion was considered and dismissed on the merits. A subsequent § 2255 motion may be considered second or successive when the Court considers and dismisses the petitioner's first § 2255 motion on the merits. <u>See Slack v. McDaniel</u>, 529 U.S. 473, 486 (2000). When a petitioner

seeks to file a second or successive petition, he or she must obtain authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3) (2012). In this civil action, the magistrate judge points out that the petitioner's first § 2255 motion was considered and dismissed on its merits. See Criminal Action No. 5:97CV135 ECF No. 2. Therefore, because the § 2255 motion at issue is considered second or successive, the petitioner needed to obtain authorization in order to file his motion. The record, however, does not show that the petitioner obtained such authorization from the United States Court of Appeals for the Fourth Circuit. Because the petitioner is not authorized to file his § 2255 motion, the magistrate judge found that this Court lacks jurisdiction and must dismiss the motion for that reason. This Court agrees with that finding. Furthermore, the petitioner does not object to the magistrate judge's findings regarding the lack of jurisdiction. After analyzing the magistrate judge's finding on this issue, this Court is not "left with the definite and firm conviction that a mistake has been committed," meaning that the magistrate judge's finding is not clearly erroneous. United States Gypsum Co., 333 U.S. at 395. Therefore, petitioner's motion must be denied with prejudice. Accordingly, the magistrate judge's report and recommendation is affirmed and adopted.

B.  Timeliness of a § 2255 Motion

In his filing labeled "Written Objections, By Petitioner to the Report and Recommendation," the petitioner only appears to object to the magistrate judge's finding that the § 2255 motion at issue is untimely. Criminal Action No. 5:94CR66 ECF No. 185. Notwithstanding that this Court lacks jurisdiction, the petitioner's § 2255 motion must still be dismissed because it is untimely.

A one-year statute of limitations period applies to motions under § 2255. 28 U.S.C. § 2255(f) (2012). That limitation period begins to run from the latest of four dates, which are the following:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1-4) (2012). Generally, a petitioner must be given notice before a district court sua sponte dismisses his or her motion based on affirmative defenses that the Court raises. Hill v. Braxton, 227 F.3d 701, 706 (4th Cir. 2002). That notice

7

may be unnecessary, however, "if it is 'indisputably clear' that the motion is untimely and cannot be salvaged through tolling." United States v. Sosa, 364 F.3d 507, 511 (4th Cir. 2004) (quoting Hill, 227 F.3d at 707). This Court finds that notice is unnecessary because, as explained below, the petitioner's motion is clearly untimely.

As quoted above, subsection one of § 2255(f) provides that the limitation period begins to run from "the date on which the judgment of conviction becomes final." The Supreme Court of the United States held that "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Clay v. United States, 537 U.S. 522, 525 (2003). As indicated earlier, the petitioner's judgment of conviction was entered on July 17, 1997.[2] The petitioner filed a motion for rehearing and a motion for rehearing en banc, which were denied. Eventually, the petitioner filed a writ of certiorari, which was denied on October 15, 1996. That date indicates when the petitioner's conviction became final. Therefore, the petitioner had until October 15, 1997 to file his motion. The petitioner, however, filed his current motion on October 31, 2014. Clearly, under § 2255(f)(1), the

---

[2]Initially, the petitioner was sentenced on May 24, 1995. After he appealed his sentence, the United States Court of Appeals for the Fourth Circuit affirmed in part and reversed in part due to multiplicity issues. The petitioner was then re-sentenced pursuant to that ruling.

petitioner's motion is untimely.  As correctly determined by the magistrate judge, the petitioner does not allege that the government impeded his filing of a timely § 2255 motion.  Further, he raises no arguments concerning due diligence.  Therefore, subsections two and four of § 2255(f) are inapplicable.

To the extent that the petitioner believes <u>Fowler v. United States</u>, 131 S. Ct. 2045 (2011), makes his § 2255 motion timely, that argument is also misplaced.  The Supreme Court of the United States in <u>Fowler</u> held that the federal witness tampering statute, which is found under 18 U.S.C. § 1512(a)(1)(C), required the government to demonstrate a reasonable likelihood that "had the victim communicated with law enforcement officers, at least one of the communications would have reached a federal officer."  <u>United States v. Smith</u>, 723 F.3d 510, 514 (4th Cir. 2013) (citing <u>Fowler</u>, 131 S. Ct. at 2052).  The petitioner is correct in pointing out that the right in <u>Fowler</u> "has been 'newly recognized' by the Supreme Court and that it is retroactively applicable to cases on collateral review."  <u>Smith</u>, 723 F.3d at 515.  Because it is retroactively applicable, the petitioner believes that his § 2255 motion should be considered timely under § 2255(f)(3).  As the magistrate judge correctly points out, however, the petitioner had until May 26, 2012 to file a motion based on <u>Fowler</u>'s holding, which was one year after the Court decided the case.  The petitioner did not do so until over two years past that date,

meaning that his § 2255 motion still remains untimely. Although the petitioner contends that he filed § 2255 motion in January 2012, nothing in the record verifies that contention. Therefore, notwithstanding this Court's lack of jurisdiction, the petitioner's § 2255 motion is untimely.

C. <u>Certificate of Appealability</u>

Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. This memorandum opinion and order is a final order adverse to the applicant in a case in which 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability to take an appeal.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, the Court finds that the petitioner has not made a "substantial showing of the denial of a constitutional right." <u>See</u> 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that the petitioner has not made the requisite showing. Accordingly, the

petitioner is DENIED a certificate of appealability by this district court. The petitioner may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate of appealability.

IV. Conclusion

For the reasons stated, the magistrate judge's report and recommendation is AFFIRMED AND ADOPTED. Accordingly, the petitioner's motion under 28 U.S.C. § 2255 is DENIED. Further, the petitioner's objections are OVERRULED and the case is DISMISSED WITH PREJUDICE.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object to that finding dealing with jurisdiction, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:      May 1, 2015

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE